UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

NEVIN P. COOPER-KEEL, JD
Plaintiff Pro Se

Case No.

V.

Hon.

JEREMY BAIER and CARTER WOODWYK,
Sued in their individual capacities,
Defendants.

FILED - GR
November 19, 2024 4:06 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB   SCANNED BY: KB/11/20

1:24-cv-1235
Jane M. Beckering
U.S. District Judge

## VERIFIED COMPLAINT WITH JURY TRIAL DEMAND

Plaintiff Nevin P. Cooper-Keel, JD
3127 127th Avenue
Allegan, MI 49010
616.329.7077
Nevincooperkeel@gmail.com

Defendant Jeremy Baier
113 Chestnut Street
Allegan, MI 49010
269.673.0300

Defendant Carter Woodwyk
621 10th St.
Plainwell, MI 49080
269.685.6851

Plaintiff, pro se, Nevin Cooper-Keel, states:

1. Defendant Carter Woodwyk was at the times relevant to this complaint and might still be a law enforcement officer with the Michigan Department of Natural Resources.

2. Defendant Jeremy Baier was at the times in question an assistant prosecutor with the Allegan County Prosecutor's Office.

3. On or about November 14th, 2022, Defendant Woodwyk responded to a complaint made about me from my cousin, Garrett Keel-Worrell, claiming I'd been harassing his hunting on shared property.

4. On or about November 14th, 2022, Defendant Woodwyk interviewed his complaining witness, Mr. Keel-Worrell, and a couple others.

5. Complaining witness Mr. Keel-Worrell admitted to Defendant Woodwyk that he had followed me to where I was at on shared property.

6. Complaining witness Mr. Keel-Worrell admitted to Defendant Woodwyk that he had participated in arranging for my then minor aged daughter's mother to cheat on her hunter's safety test to secretly allow him to take my daughter hunting, when I as her custodial parent would not allow him of all perverts to do so.

7. Complaining witness then falsely claimed in his 11.14.22 interview that he's really just a legit hunter and that I have a bunch of prior felonies and was on felony probation and had a probation violation, but that he "thinks he (I) is paying someone to scrub his records".

8. I have never been convicted of any felony nor have I ever been on felony probation.

9. Defendant Woodwyk, took this false information to mean that I'm guilty of all these other made up things and that I should be malicious prosecuted hunter's harassment, just because the option of a complaining witness presented itself.

10. In reality, once the complaining witness admitted that he followed me and initiated contact with me in a place I had the right to be, there never should have been a request for prosecution made.

11. Defendant Woodwyk compiled his report on the matter and requested prosecution to the Allegan County Prosecutor's office on November 17th, 2022.

12. Defendant Baier went to law school with me and we have been on a first name basis since around 2012.

13. I've always been sharper than him, from law school up to present.

14. He decided he'd get one up on me by signing off on the misdemeanor complaint for prosecution for the hunter's harassment case November 23rd, 2022.

15. I filed my discovery demand in the case on December 2nd, 2022, pursuant to Michigan Court Rule MCR 6.201, which gives the prosecutor 21 days to provide discovery.

16. Initial discovery was not provided to me until January 3rd, 2023.

17. At that time, the only discovery provided was the police report from Defendant Woodwyk.

18. When I then filed a motion for a brady violation, because there were 18 pieces of evidence referenced.

19. Then, through some apparent compelling from the Allegan Prosecutor's office with Defendant Woodwyk, Woodwyk then provided his audio recordings, text history, etc., with the complaining witness and others on or about January 18th, 2023.

20. Before providing Defendant Woodwyk's audio recording of his interview with the complaining witness, Mr. Keel-Worrell, Defendant Woodwyk edited the audio file to exclude where complaining witness admitted to having committed a crime, and whatever else was said prior to where the interview cuts in.

21. In pretrial hearing, on January 20th, 2023, Defendant Baier admitted to me and on the record that he signed off on the warrant request and misdemeanor complaint on November 23rd, 2022, but did not read the police report and is not familiar with any of the allegations made against me in the case.

22. You cannot have probable cause to bring criminal charges against someone without even looking at the facts of the case.

23. The Allegan County Prosecutor's office voluntarily dismissed the hunter's harassment case on or about February 27th, 2023.

### Count 1 – Malicious Prosecution

24. The Defendants initiated a criminal prosecution against me.

25. The criminal proceedings terminated in my favor.

26. The Defendants who instituted the and maintained the prosecution lacked probable cause for their action.

27. The action was undertaken with malice and an ulterior purpose in instituting the criminal claim other than bringing justice for the alleged offense.

28. I experienced damages from it.

### Count 2 – 1983 – Denial of rights under color of law

29. The conduct described by these two defendants were them acting under color of state law.

30. The conduct described denied me of the constitutional right to due process, including but not limited to the Brady Violations committed in this case against me by destroying evidence and withholding it until I'd had to make a motion for Brady Violations.

31. Damages are in an amount determinable at trial.

WHEREFORE, please determine damages and order Defendants to pay it or schedule it for trial if in dispute.

Respectfully Submitted,

_____  Nevin Cooper-Keel, Plaintiff pro se, 11.18.24