UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEVIN P. COOPER-KEEL,

    Plaintiff,

v.

JEREMY BAIER, et al.,

    Defendants.
_____/

Case No. 1:24-cv-1235

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

    Plaintiff Nevin P. Cooper-Keel, proceeding *pro se,* initiated this action against Defendants Jeremy Baier, an Allegan County assistant prosecutor; and Carter Woodwyk, a Michigan Department of Natural Resources officer.  Plaintiff alleges malicious prosecution and due process violations arising from a misdemeanor charge that was brought against him but subsequently dismissed.  Defendant Baier filed a Motion to Dismiss based on absolute prosecutorial immunity, which was referred to the Magistrate Judge.  The Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court grant the motion.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Defendant Baier filed a response.  In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections.

    In his objections, Plaintiff reiterates his argument that Defendant Baier was not acting as an advocate when he signed off on the complaint (Objs., ECF No. 24 at PageID.350).  According

to Plaintiff, Defendant Baier's admission that he did not read the police report before signing the complaint "shift[s] his role outside absolute immunity" (*id.* at PageID.351).  Plaintiff also briefly asserts that the Magistrate Judge erred in failing to consider either qualified immunity or whether his due process claim concerning discovery obligations is not barred by absolute prosecutorial immunity (*id.* at PageID.351–352).

The Magistrate Judge thoroughly considered Plaintiff's argument and properly concluded under the functional approach to the question of absolute prosecutorial immunity that Defendant Baier's actions, which would include his preparation of discovery for trial, were "intimately associated with the judicial process" and thus shielded by the doctrine (R&R, ECF No. 23 at PageID.346–348, quoting *Price v. Montgomery Cnty., Ky.*, 72 F.4th 711, 719 (6th Cir. 2023) (quoting *Imbler v. Pachtman*, 424 U.S. 409 (1976)).  Because absolute immunity applies, the analysis is at an end.  *See Imbler*, 424 U.S. at 419 n.13 ("[A]bsolute immunity defeats a suit at the outset[.]").   In sum, Plaintiff's objections do not reveal any error in the Magistrate Judge's analysis.  Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 24) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 23) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Baier's Motion to Dismiss (ECF No. 9) is GRANTED, and Defendant Baier is TERMINATED as a defendant in this case.

Dated:  September 22, 2025                                /s/ Jane M. Beckering
                                                                          JANE M. BECKERING
                                                                          United States District Judge